BYE, Circuit Judge,
dissenting.
I disagree with the majority’s conclusion regarding Earnheart’s challenges to the ALJ’s credibility findings. At the outset, I believe the ALJ failed to consider whether Earnheart’s noncompliance with her prescribed course of treatment was a result of her mental illness. “Courts considering whether a good reason supports a claimant’s failure to comply with prescribed treatment have recognized psychological and emotional difficulties may deprive a claimant of the rationality to decide whether to continue treatment or medication.” Pate-Fires v. Astrue, 564 F.3d 935, 945 (8th Cir.2009) (internal quotation marks and citation omitted). While there are some differences between this case and Pate-Fires, ultimately I believe this case is more like Pate-Fires than Wildman v. *76 Astrue, 596 F.3d 959 (8th Cir.2010). Notably, Earnheart was twice diagnosed with bipolar disorder I, and her treatment records reflect erratic behavior, hallucinations, hospitalizations for suicidal ideation, and assessment of poor insight, judgment, and impulse control. Accordingly, like Pate-Fires, I would conclude the ALJ’s failure to consider whether Earnheart’s mental problems caused her noncompliance warrants reversal.
I am also troubled by the ALJ’s consideration of Earnheart’s daily activities as a basis for finding her not entirely credible. The ALJ summarized these activities as caring for her personal needs, preparing meals, cleaning, doing laundry, ironing, mowing with encouragement, driving, occasional grocery shopping, paying bills, visiting family, and going out to eat. The ALJ appeared to place particular significance on the written report of Earnheart’s mother indicating Earnheart read the Bible, which the ALJ suggested conflicted with Earnheart’s testimony about poor concentration and ability to focus.
The ALJ’s finding appears to significantly overstate Earnheart’s daily activities and her ensuing ability to perform work on a daily basis. For instance, Earnheart’s mother did not indicate how long or often Earnheart read the Bible, and she noted Earnheart only engaged in reading when on medication. As for her meal preparation, Earnheart prepared meals only monthly, and did not cook often or eat much. “We have long stated that to determine whether a claimant has the residual functional capacity necessary to be able to work we look to whether she has ‘the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.’” Forehand v. Barnhart, 364 F.3d 984, 988 (8th Cir.2004) (quoting McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc)). “Moreover, it is well-settled law that a claimant need not prove [he] is bedridden or completely helpless to be found disabled.” Reed v. Barnhart, 399 F.3d 917, 923 (8th Cir.2005) (internal quotation marks and citation omitted).
In sum, I believe the ALJ’s credibility determination is not entitled to deference, and thus his RFC determination is not supported by substantial evidence. I therefore respectfully dissent from the majority’s decision to affirm.